[No. 3218.]

## WILLIAM TUCKER *v.* THE STATE.

1. THEFT—POSSESSION OF RECENTLY STOLEN PROPERTY—CHARGE OF THE COURT on the subject of possession of recently stolen property was as follows: "The possession alone of property shown to have been recently stolen is not in law sufficient to warrant the conviction of one charged with theft. Such possession, if proven, is only a circumstance for the jury to weigh and consider in connection with other established facts, in determining whether the accused is guilty of the offense charged or not. If, therefore, the alleged horse was stolen as charged, and if the said horse has been traced to the possession of defendant, such possession, if unsupported by other evidence, will not warrant the defendant's conviction; and if such be the case you will acquit the defendant. If, however, you find that such possession, if shown, is corroborated by other evidence, then, *to warrant the defendant's conviction, all the evidence, taken and considered together, including the fact of possession, if it exists, should be sufficient to exclude from your minds every reasonable theory consistent with the defendant's innocence.*" *Held,* error, inasmuch as the charge was calculated to impress the jury with the idea that, if the mere fact of possession was corroborated, they were authorized to convict. The rule upon the subject is that there must be other evidence of guilt besides recent possession, and that such evidence, together with the recent possession, must be sufficient to establish in the minds of the jury the defendant's guilt to a moral certainty, beyond a reasonable doubt.
2. SAME—FACT CASE.—See the opinion for a summary of evidence *held* insufficient to sustain a conviction for horse theft.

APPEAL from the District Court of Erath. Tried below before the Hon. T. L. Nugent.

The conviction was for the theft of a horse, the property of J. N. Carr, in Erath county, Texas, on the twenty-sixth day of October, 1882. A term of seven years in the penitentiary was the punishment awarded. The case is substantially stated in the opinion.

*Frank & Devine* and *Neill & Young,* for the appellant.

*J. H. Burts,* Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE. In substance, the evidence upon which this conviction was had was this: Carr's horse was

stolen, in Erath county, about the twenty-sixth of October, 1882. About a month before the horse was stolen, appellant was seen in the neighborhood. The last of October or first of November, 1882, appellant came to the house of S. B. Walker, in Mason county, one hundred and fifty miles from Erath county, and was riding a horse in every way filling the description of Carr's stolen horse, and defendant "said he was just back from Mexico." This is, in brief, all the evidence.

Upon the subject of recent possession, the court charged the jury "that the possession alone of property shown to have been recently stolen is not in law sufficient to warrant the conviction of one charged with theft. Such possession, if proven, is only a circumstance for the jury to weigh and consider in connection with other established facts in determining whether the accused is guilty of the offense charged or not. If, therefore, the alleged horse was stolen as charged, and if the said horse has been traced to the possession of defendant, such possession, if unsupported by other evidence, will not warrant the defendant's conviction; and, if such be the case, you will acquit the defendant. If, however, you find that such possession, if shown, is corroborated by other evidence, then, to warrant the defendant's conviction, all the evidence, taken and considered together, including the fact of possession, if it exists, should be sufficient to exclude from your minds every reasonable theory consistent with defendant's innocence."

This instruction was objected to, and is complained of and assigned as error. However comprehensive the charge may appear to the legal mind, we fear it was calculated, and did, mislead the jury by impressing them with the idea that if the mere fact of "*possession*" was "corroborated" that would be sufficient to establish guilt. There was no question about "possession" and "recent possession." The evidence, if it established anything, established "recent possession," and that fact needed no "corroboration." What the jury should have been told was, in effect, that, though recent possession be established, still, unless the other evidence in the case tended to connect defendant with the fraudulent taking of the animal, he would be entitled to an acquittal; in other words, that there must be other evidence of guilt besides the recent possession, and that these evidences, together with the recent possession, must be sufficient to establish in the minds of the jury defendant's guilt to a moral certainty, beyond a reasonable doubt.

Because the charge was calculated to, and perhaps did, mislead the jury, and because the evidence is insufficient to support the verdict and judgment, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered June 18, 1884.